# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| TIMOTHY E. FERGUSON,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO. 4:17-CV-95-JTM-JEM |
| JAVITCH BLOCK LLC,<br>    Defendant. | )<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Timothy E. Ferguson's Motion to Strike Portions of Defendant Javitch Block LLC's Answer and Affirmative Defenses [DE 11], filed on January 14, 2018, and Defendant Javitch Block LLC's Motion for Leave to File its Second Amended Answer [DE 14], filed on January 26, 2018. Plaintiff filed a Response to Defendant's Motion for Leave to File its Second Amended Answer on February 9, 2018, and Defendant filed a reply on February 16, 2018.

**I.    Background**

In the instant Motion to Strike, Plaintiff requests that the Court strike portions of Defendant's Amended Answer for failure to comply with Fed. R. Civ. P. 8(b). Instead of directly addressing Plaintiff's motion and allegations, Defendant moves for leave to file a Second Amended Answer. In response, Plaintiff argues that Defendant's proposed amendment should be rejected as futile for failing to cure all of the deficiencies alleged in its Motion to Strike. Specifically, Plaintiff objects to Defendant's use of the phrases "[d]eny for want of knowledge," and "[f]urther answering," to Defendant's inclusion of exhibits, and to two sentences within the affirmative defenses.

**II.    Analysis**

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with

. . . the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that the Court "should freely give leave when justice so requires." *Id*. The decision to grant or deny a motion to amend lies within the Court's sound discretion, but leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Plaintiff does not argue that the proposed amended affirmative defenses will cause prejudice or undue delay, and he does not allege bad faith or dilatory motive by Defendant. Instead, Plaintiff argues that the proposed affirmative defenses are futile because they do not satisfy Federal Rule of Civil Procedure 8(b) and thus would be subject to dismissal under Rule 12(b)(6). Rule 8(b) provides that a party can deny an allegation in one of three ways: by general denial, by denying part of an allegation and admitting the rest, or by stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation. Fed. R. Civ. P. 8(b)(3)-(5).

Plaintiff essentially makes four objections to the proposed Second Amended Complaint. First, he argues that Defendant's use of the phrase "[f]urther answering" in several of the responses serves to impermissibly "add[] allegations" to the pleadings. Although the phrasing of these denials may be unusual, a denial can include assertions contrary to those in the Complaint. Merely providing more information than what is required by Rule 8(b) does not make the responses improper, if the allegations themselves are properly admitted or denied. *See, e.g., Pavlik v. FDIC,* No. 10-C-816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010) (concluding that additional information was not so unrelated to the claims as to be prejudicial); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts*

*of U.S. of Am., Inc.*, No. 08-CV-184, 2009 WL 679651, at *2 (E.D. Wis. Mar. 16, 2009) (permitting additional information where the defendant made clear which allegations were being denied and admitted). Defendant's responses are germane to the allegations, and Plaintiff's response to the proposed amendment fails to identify what additional information, if any, is inappropriate.

Plaintiff also objects that certain of the responses containing the phrase "[f]urther answering" cite to exhibits Defendant attaches to the proposed amended complaint. But Plaintiff does not point to any authority rejecting the use of exhibits in an answer, and the Federal Rules contemplate their use in pleadings generally. Fed. R. Civ. P. 10(c).

Next, Plaintiff objects to Defendant's use of the phrase "[d]eny for want of knowledge." Plaintiff maintains that Defendant must instead say it "lacks knowledge or information sufficient to form a belief about the truth" of the allegation, adopting the language of Fed. R. Civ. P. 8(b)(5). The Federal Rules do not require that the language of Rule 8(b)(5) be used verbatim. Alternative formulations are acceptable, as long as they convey that the defendant is unable to form a belief about the truth of the allegation. *See, e.g., Fletcher v. Hoeppner, Wagner & Evans, LLP*, No. 14-CV-231, 2015 WL 7016414, at *3 (N.D. Ind. Nov. 12, 2015) (finding that failure to include the word "knowledge" did not "change the substance" of the responses).

Third, Plaintiff objects to a sentence in Defendant's Affirmative Defense 2(a), in which Defendant alleges that Plaintiff is maintaining his claims in bad faith and is entitled to attorney's fees. Plaintiff argues that this sentence is not an affirmative defense, but he neglects to mention that it is contained within a larger section in which Defendant asserts the doctrine of unclean hands as an affirmative defense. Since an allegation of bad faith could support a defense of unclean hands, Defendant's statement is not futile.

Finally, Plaintiff objects to the statement that Defendant "reserves the right to raise additional defenses as may be discovered during the course of these proceedings." It is true that affirmative defenses cannot be added without Plaintiff's written consent or the Court's leave, but nothing in the sentence at issue contradicts that, and Defendant has not attempted to add any defense without seeking leave.

Because Defendant's proposed Second Amended Answer would not be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for the reasons the Plaintiff identified, it is not futile. Accordingly, amendment is appropriate.

For the foregoing reasons, the Court hereby **GRANTS** Defendant Javitch Block LLC's Motion for Leave to File its Second Amended Answer [DE 14], and therefore **DENIES as moot** Plaintiff Timothy E. Ferguson's Motion to Strike Portions of Defendant Javitch Block LLC's Answer and Affirmative Defenses [DE 11].

So ORDERED this 12th day of July, 2018.

                                                    s/ John E. Martin
                                                    MAGISTRATE JUDGE JOHN E. MARTIN
                                                    UNITED STATES DISTRICT COURT

cc: All counsel of record